**W. D. MacKAY, Appellant,**

v.

**AMERICAN POTASH & CHEMICAL CO., INC., a corporation, and Stauffer Chemical Company, a corporation, Appellees.**

No. 16135.

United States Court of Appeals
Ninth Circuit.

Oct. 2, 1959.

W. D. MacKay, in pro. per.

Gibson, Dunn & Crutcher, Martin E. Whelan, Jr., Los Angeles, Cal., for American Potash.

Vincent H. O'Donnell, Fredrik S. Waiss, San Francisco, Cal., for Stauffer Chemical Co.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

In a "Prefatory Statement" to appellant's petition for rehearing appellant states:

"While it is true that many of the formal documents filed in this proceeding indicate appellant appeared in propria persona, all these documents were prepared by Legal Counsel, and every recorded move in behalf of appellant was made on advice of Counsel.

"Appellant, of necessity, left it entirely to Counsel as to what should be done to properly protect his interest. However, in view of the current status of this case, seemingly the course followed by Counsel was not sufficiently persuasive to prevent the District Court from entering summary judgment in favor of Defendants, and which has now been affirmed by the decision of this Honorable Court.

"In view of these facts appellant has prepared this Petition on his own responsibility and will deal, in layman's language, with what, in his opinion, are essential problems, and which, of course, are referred to in the Court's decision."

Attached to appellant's petition for rehearing are six letters, statements and reports which were not a part of the record in the district court, and which ap-

pellant has referred to as "new evidence," and which cannot be considered by this Court on petition for rehearing. In the remaining portion of the petition for rehearing appellant in the main reargues that there was an abuse of discretion on the part of the district court in granting appellees' motion for a summary judgment. Nothing in the petition causes us to change the view expressed in our original opinion.

The petition for rehearing is another illustration of the difficulties encountered by a layman who chooses to spend money on appeal rather than for the services of competent counsel.

The petition for rehearing is denied.